UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PATRICK F. CAVANAGH, SID #510795, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | SA-21-CV-00068-XR |
| PRESIDENT DONALD J. TRUMP, VICE PRESIDENT, AND SURGEON GENERAL | § § § § § | |
| Defendants. | § § | |

## ORDER OF DISMISSAL

Before the Court is the Civil Rights Complaint filed by Plaintiff Patrick F. Cavanagh pursuant to 42 U.S.C. § 1983. (ECF No. 1). Cavanagh was previously granted the right to proceed *in forma pauperis* ("IFP"). (ECF No. 4). Upon review, Cavanagh's section 1983 Complaint is **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION**.

### BACKGROUND

According to Bexar County court records, on December 11, 2017, a grand jury indicted Cavanagh for the offense of possession of a controlled substance weighing between four grams and two hundred grams. https://search.bexar.org/Case/CaseDetail?r=021b7dba-cd3e-4d0d-b07a-c28c4ef940b4&st=s&s=510795&cs=&ct=&=,,&full=y&&p=1_2017CR13236++++D43718218 22100000 (last visited Feb. 1, 2021). On November 9, 2018, seemingly pursuant to a plea agreement, Cavanagh pleaded guilty or nolo contendere to the offense, and the trial court placed him on five years' probation. *Id.* On May 8, 2019, the State alleged Cavanagh violated the terms of his probation and sought revocation. *Id.* After Cavanagh pleaded true to the one of the State's allegations—seemingly pursuant to another plea agreement—the trial court denied the State's motion to revoke and continued Cavanagh's probation, but imposed a "zero tolerance" condition.

*Id.* On April 27, 2020, while he was still on probation for the original possession offense, a grand jury indicted Cavanagh for the more serious offense of possession of a controlled substance with intent to deliver. https://search.bexar.org/Case/CaseDetail?r=021b7dba-cd3e-4d0d-b07a-c28c4ef940b4&st=s&s=510795&cs=&ct=&=,,&full=y&&p=1_2020CR4483+++++D4371948247100000 (last visited Feb. 1, 2021). Bexar County records show the State then filed a motion to adjudicate guilt on the original simple possession offense based on the indictment for possession with intent to deliver. *Id.*

On January 26, 2021, the trial court held a hearing on the State's motion to adjudicate; Cavanagh pleaded true to one of the State's allegations, and the trial court sentenced him to three years' confinement. https://search.bexar.org/Case/CaseDetail?r=021b7dba-cd3e-4d0d-b07a-c28c4ef940b4&st=s&s=510795&cs=&ct=&=,,&full=y&&p=1_2017CR13236++++D4371821822100000. On that same date, the State moved to dismiss the remaining charge, which was granted, and the case was closed. https://search.bexar.org/Case/CaseDetail?r=021b7dba-cd3e-4d0d-b07a-c28c4ef940b4&st=s&s=510795&cs=&ct=&=,,&full=y&&p=1_2017CR13236++++D4371821822100000. Cavanagh remains in the BCADC awaiting transfer to the Texas Department of Criminal Justice.

While confined, Cavanagh filed this section 1983 Complaint against "President Donald J. Trump," the "Vice President," and the "Surgeon General."[1] (ECF No. 1). Cavanagh makes numerous allegations against Defendants in their official capacities, which relate to: (1) the COVID–19 pandemic; (2) deployment of military forces in this country; (3) the United States

---

[1] It does not appear there are any actual allegations against the Vice President or the Surgeon General. (ECF No. 1). However, the Court will assume, for purposes of this Order, that Cavanagh intended the allegations stated against former President Trump to apply to the other named Defendants.

2

southern border; (4) the 2020 election; and (5) incitement of insurrection. (*Id.*). Cavanagh seems to contend Defendants' official actions with regard to these matters violated his constitutional rights. (*Id.*). Cavanagh seeks monetary damages in the amount of $100,000.00. (*Id.*).

## APPLICABLE LAW

Section 1915(e)(2)(B)(i)–(iii) of Title 28 of the United States Code requires a Court to screen and dismiss an IFP complaint if the Court determines it: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). A complaint is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

## APPLICATION

Cavanagh's claims against former President Trump, the Vice President, and the Surgeon General in their official capacities—the only capacity in which his claims were alleged—are treated as a suit against the United States. *Ischy v. Miles*, 75 Fed. App'x 257, 258 (5th Cir. 2003) (per curiam) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–67 (1985) (holding that official capacity suits against federal employees are generally treated as suits against the United States)); *Drake v. Panama Canal*, 907 F.2d 532, 534 (5th Cir. 1990). Suits brought against the United States pursuant to civil rights statutes like section 1983 are barred by sovereign immunity. *See Ischy*, 75 Fed. App'x at 258 (citing *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999)). Sovereign immunity is a jurisdictional defense. *See, e.g., F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Spectrum Stores, Inc. v. Citgo Petroleum Corp.*, 632 F.3d 938, 949 (5th

Cir. 2011) (quoting *Republic of Austria v. Altmann*, 541 U.S. 677, 700 (2004)). In the absence of waiver of sovereign immunity, the Court lacks subject-matter jurisdiction to hear a suit against the United States. *United States v. Sherwood*, 312 U.S. 584, 591 (1941); *Ecker v. United States*, 358 F. App'x 551, 552–53 (5th Cir. 2009).

A plaintiff must allege a basis for subject-matter jurisdiction in his complaint. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980); *see Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009) (holding complaint should be dismissed for lack of subject-matter jurisdiction where "it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction.")). Cavanagh did not allege a waiver of sovereign immunity in his Complaint, and this Court is not aware of any applicable waiver under statutory or federal common law. *See Davis*, 5097 F.3d at 649. Thus, the Court finds it lacks subject-matter jurisdiction over Cavanagh's claims against former President Trump, the Vice President, and the Surgeon General. *See Meyer*, 510 U.S. at 475.

### NO RIGHT TO AMEND

Generally, a court must allow a *pro se* plaintiff an opportunity to further develop his allegations or remedy inadequacies in his complaint before dismissal. *See Neitzke*, 490 U.S. at 329; *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009), *cert. denied*, 560 U.S. 944 (2010). Leave to amend is not required, however, if the *pro se* has already pleaded his "best case." *Brewster*, 587 F.3d at 768. The Court finds, based upon review of the Complaint and applicable law, that any attempt by Cavanagh to amend would be fruitless—he has pleaded his best case against Defendants under the facts set out in the Complaint. (ECF No. 1).

## CONCLUSION

The Court finds it lacks subject–matter jurisdiction over Cavanagh's claims against Defendants. Accordingly, the Complaint is subject to dismissal without prejudice for want of jurisdiction.

**IT IS THEREFORE ORDERED** that Cavanagh's section 1983 Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION**.

It is so **ORDERED**.

SIGNED this 1st day of February, 2021

_____
Xavier Rodriguez
United States District Judge